### WELLS RATHBUN vs. JOHN R. WOODWORTH et al.

### FREDERICK J. BARNARD et al. vs. THE SAME.

It seems where a sheriff has two executions on two different judgments, bearing different dates, against the same defendants, both owned by the same plaintiffs, and the sale of all the available property of defendants is applied on the second execution by order of plaintiffs, that the sheriff is not entitled to any fees on the first execution, nothing having been done under it.

*Motion by plaintiffs, in the second suit, for a retaxation of costs.*— On the 12th of July, 1843, the plaintiffs in the second judgment purchased the first judgment, upon which an execution had previously been issued, and was then in the hands of the sheriff of Oneida county. On the 21st of August an execution was issued on the judgment in the second above entitled cause, and delivered to a deputy sheriff of Oneida county. On the 1st of September following, all the defendant's personal property was sold; and the proceeds, after deducting the sheriff's fees thereon, were applied to the payment of the second execution, at the request and by the direction of the Barnards, plaintiffs in the second suit, they being the owners of both judgments. The defendant's real estate was not sold, in consequence of prior incumbrances upon it, which the Barnards deemed more in amount than what said real estate would sell for. The whole amount of the first judgment was claimed by the Barnards to be due and unpaid. On the 14th of May, 1844, F. J. Barnard, one of the plaintiffs in the second suit, was served with copy bill of costs and notice of taxation, by Matteson & Doolittle, attorneys for the sheriff of Oneida, on whose behalf said costs were to be taxed. The attorneys for the Barnards did not oppose the taxation, for various excuses given, which they stated : one was, the delay in procuring the affidavit of F. J. Barnard; and in February last they applied to Matteson & Doolittle to allow them to oppose the taxation, which they refused on the ground of the length of time which had elapsed from the taxation. The costs, as made out in the bill, were for sheriff's fees and poundage on the fi. fa. issued in the first cause for $5000 debt and $16·17 damages and costs, amounting to $77·43. The counsel for the Barnards insisted that the claim of the sheriff was illegal and unjust; he having received all the fees to which he was en-

titled on the second execution, there having been nothing done with the first, for want of property of defendants to collect any part of it.

I. Harris, *Counsel for Barnard.*

Harris & Shephard, *Attys for Barnard.*

Mr. Talcott, *Counsel for Sheriff.*

Matteson & Doolittle, *Attys for Sheriff.*

Bronson, Chief Justice.— Ordered a retaxation, on payment of costs of opposing this motion ($7·00) and costs of retaxation.

Rule accordingly.